UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ANTWANN JOHNSON,               )
                               )
              Petitioner,      )
                               )
       vs.                     )          Case No. 4:02CV1957 CDP
                               )
DAVE DORMIRE,                  )
                               )
              Respondent.      )

## MEMORANDUM AND ORDER

After testifying at his jury trial, Antwann Johnson was convicted of first

degree murder and armed criminal action by the Circuit Court of the City of St.

Louis, State of Missouri. He was sentenced as a prior and persistent offender to life

imprisonment without the possibility of probation or parole for the murder and to

thirty (30) years imprisonment for armed criminal action, with the sentences to be

served concurrently. Johnson is incarcerated at the Southeast Correctional Center in

Charleston, Missouri.

This matter is before the Court on his petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254. Johnson raises four grounds for relief. For the

reasons stated below, petitioner's request for federal habeas corpus relief will be

denied.

# FACTUAL BACKGROUND

The Missouri Court of Appeals found the following facts on direct appeal:[1]

The evidence, viewed in the light most favorable to the verdict, reveals that on the evening of September 2, 1997, the victim, Michael Martin, and his friend, Reginald Manning, were talking in the front yard of Martin's home. Defendant and his girlfriend, Wakeela Coats, were walking past the home. Defendant stopped in front of Martin's home and argued with Martin. Defendant and Coats then walked down the street to defendant's father's house. Manning left Martin's house soon thereafter.

At his father's house, defendant retrieved a shotgun, walked to the door with the shotgun, stopped, and returned to the living room. He sat on the couch with Coats for a moment, then left the house. He walked to Martin's home and shot Martin twice in the head with a .38 caliber gun.

Terry Edwards, defendant's cousin, came into defendant's father's house and told him, "Antwann just let it off, he just sprayed two bugs." Defendant and Coats got in his car and he placed the murder weapon in a towel on the front seat and drove to his grandmother's house, where his aunt took the gun and hid it under the hood of her car.

The next morning, defendant and Coats returned to his grandmother's house. The police had just arrived on information that defendant was a suspect. On seeing the police, he and Coats exited the car and ran to the back of a vacant building. Coats was apprehended almost immediately, however, defendant was arrested after a search that lasted between twenty and thirty minutes.

---

[1]In proceedings pursuant to 28 U.S.C. § 2254, a "state court's factual findings carry a presumption of correctness that will be rebutted only by clear and convincing evidence." Hall v. Luebbers, 341 F.3d 706, 712 (8th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1); Lomholt v. Iowa, 327 F.3d 748, 752 (8th Cir. 2003)).

(Resp't Ex. E at 2-3.)  Additional facts will be discussed as needed.

## PROCEDURAL BACKGROUND

Johnson appealed his conviction and sentence before the Missouri Court of Appeals, arguing that the trial court erred in: 1) allowing into evidence and playing for the jury petitioner's videotaped confession because the confession was involuntarily obtained through physical and mental coercion by the police; 2) allowing into evidence and playing for the jury the videotaped statement of Terry Edwards because the State failed to lay a proper foundation for such evidence; and 3) allowing the State to admit evidence of uncharged crimes and prior bad acts by the petitioner.  The Missouri Court of Appeals affirmed in a per curiam unpublished opinion dated December 14, 1999.

Johnson also filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15.  His pro se motion for relief asserted six claims of ineffective assistance of trial counsel.  The amended motion filed by his new attorney focused on one of the six pro se claims, namely that his trial counsel failed to properly object to the introduction of evidence of other uncharged crimes by the petitioner, failed to request a mistrial once the other crimes evidence had been introduced, and failed to preserve the issue for appeal by including it in his motion for new trial.  Johnson appealed the denial of his motion for post-conviction relief

without an evidentiary hearing, asserting the same claim of ineffective assistance of counsel. The Missouri Court of Appeals denied relief in a <u>per curiam</u> unpublished opinion dated June 11, 2002.

<u>GROUNDS RAISED</u>

Johnson now seeks federal habeas corpus relief. Claiming violations of his Fifth, Sixth, and Fourteenth Amendment rights under the United States Constitution, he asserts the following grounds for relief:

1. The trial court erred in denying petitioner's pre-trial Motion to Suppress Statements and allowing into evidence petitioner's videotaped confession because the police procured said statement through physical and mental coercion, thereby rendering said statement involuntary and inadmissible;

2. The trial court erred in allowing into evidence and playing for the jury the videotaped statement of Terry Edwards because the State failed to lay a proper foundation for such evidence by adducing testimony at trial inconsistent with his prior videotaped statement;

3. The trial court erred in allowing the State to admit evidence of other uncharged crimes by the petitioner; and

4. Ineffective assistance of counsel for failing to properly object to the introduction of evidence of other uncharged crimes by the petitioner, failing to request a mistrial once this evidence had been introduced, and failing to preserve the issue for appeal by including it in the motion for new trial.

Respondent argues that all of these four grounds for relief are either procedurally

defaulted, not cognizable, or they were reasonably resolved against petitioner in the state courts.

DISCUSSION

Under section (d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, when a claim has been adjudicated on the merits in state court, an application for a writ of habeas corpus shall not be granted unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In Shafer v. Bowersox, the Eighth Circuit articulated the standards for subsection (1) as follows:

> The "contrary to" clause is satisfied if a state court has arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" but arrives at the opposite result. A state court "unreasonably applies" clearly established federal law when it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." A case cannot be overturned merely because it incorrectly applies federal law,

-5-

for the application must also be "unreasonable."

329 F.3d 637, 646-47 (8th Cir. 2003) (quoting <u>Williams v. Taylor</u>, 529 U.S. 362, 405, 411, 413 (2000)).

Under subsection (2), "a state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in state court proceedings,' 28 U.S.C. § 2254(d)(2), only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." <u>Lombolt</u>, 327 F.3d at 752 (citing 28 U.S.C. § 2254(e)(1); <u>Boyd v. Minnesota</u>, 274 F.3d 497, 501 n.4 (8th Cir. 2001)).

The statute's deferential standard of review, however, applies to state court resolutions of law and fact only if the state court adjudicated the prisoner's claims on the merits. <u>Taylor v. Bowersox</u>, 329 F.3d 963, 967-68 (8th Cir. 2003) (citing 28 U.S.C. § 2254(d); <u>Kenley v. Bowersox</u>, 275 F.3d 709, 711 (8th Cir. 2002)). The Eighth Circuit has acknowledged that there are no "bright-line rules about how much a state court must say or the language it must use to compel a § 2254 court's conclusion that the state court has adjudicated a claim on the merits." <u>Brown v. Luebbers</u>, 371 F.3d 458, 461 (8th Cir. 2004). Rather, a court "must simply look at what a state court has said, case by case, and determine whether the federal constitutional claim was considered and rejected by that court." <u>Id.</u>

Where a federal constitutional question is not adjudicated on its merits in state court proceedings, the pre-AEDPA standard of review should apply. Robinson v. Crist, 278 F.3d 862, 865 (8th Cir. 2002). Under the pre-AEDPA standard, a habeas petitioner must demonstrate a " 'reasonable probability that the error complained of affected the outcome of the trial,' or that the verdict likely would have been different absent the now-challenged [error]." Id. at 865-66 (quoting Hamilton v. Nix, 809 F.2d 463, 470 (8th Cir. 1987) (en banc)).

The four grounds asserted for habeas corpus relief will be reviewed under these standards.

### Ground 1: Admission of Videotaped Confession

In Johnson's first ground for relief, he asserts that his Fifth, Sixth and Fourteenth Amendment rights were violated when the court admitted his videotaped confession at trial. He argues the confession was involuntary because he was subjected to physical and mental coercion by the police and because he was under the influence of alcohol and barbiturates. The Missouri Court of Appeals rejected this claim on direct appeal as follows:

> At trial, detective Brian McGlynn, the arresting officer, testified that at the time of the arrest, around 11:30 a.m., defendant appeared "obviously nervous" and "out of breath from running." He did not notice any injuries on him at that time. Defendant was transported to police headquarters and placed in an interview room. At 3:00 pm

Detective McGlynn spoke with him, at which time defendant indicated that he understood his rights and did not want counsel. However, Detective McGlynn did not question defendant until 5:00 p.m. because he had to wait for the video equipment technicians to arrive before he could record defendant's statement.

At the suppression hearing, Detective McGlynn testified that defendant was not beaten, threatened or coerced into confessing. He testified that defendant was informed of his Miranda rights and that he understood them and voluntarily waived them. He testified that defendant then verbally made a statement implicating himself in the murder of Michael Martin. Defendant was taken into another room to make a videotaped statement. Before the video was made, defendant signed a Miranda waiver form. He then made a videotaped confession.

...

Here, the record indicate [sic] that Detective McGlynn testified that prior to providing the videotaped confession, defendant was advised of his Miranda rights, understood them, voluntarily waived them and verbally made a statement implicating himself in the murder. He further testified that defendant was not beaten, threatened, physically or psychologically coerced. This evidence is sufficient to conclude that defendant freely and voluntarily provided a videotaped confession. Point denied.

(Resp't Ex. E at 3-4.)

This decision was not contrary to, or an unreasonable application of, clearly established federal law. A conviction based on an involuntary confession, obtained through police coercion, violates the Due Process Clause of the Fourteenth Amendment. See Colorado v. Connelly, 479 U.S. 157, 163 (1986). The appropriate test for determining the voluntariness of a confession is whether the

confession was extracted by threats, violence, or direct or implied promises, such that the defendant's "will [was] overborne and his capacity for self-determination critically impaired." Sumpter v. Nix, 863 F.2d 563, 565 (8th Cir. 1988) (quoting Culombe v. Connecticut, 367 U.S. 568, 602 (1961)).

"In determining whether a defendant's will was overborne in a particular case, the Court has assessed the totality of all the surrounding circumstances - both the characteristics of the accused and the details of the interrogation." Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973). "[C]oercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment." Connelly, 479 U.S. at 167. "Absent police conduct causally related to the confession, there is simply no basis for concluding that any state actor has deprived a criminal defendant of due process of law." Id. at 164.

The state court decision was not based on an unreasonable determination of the facts in light of the evidence presented. "[A] state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in state court proceedings,' 28 U.S.C. § 2254(d)(2), only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." Jones v. Luebbers, 359 F.3d 1005, 1011 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1);

<u>Boyd v. Minnesota</u>, 274 F.3d 497, 501 n. 4 (8th Cir. 2001).

In this case, the totality of the circumstances clearly indicate that Johnson's confession was voluntary, and there is ample evidence in the record to support such a finding. The Missouri Court of Appeals determined that the police did not use threats, violence or any promises in an attempt to obtain petitioner's confession. He was informed of his Miranda rights after being arrested, he understood these rights, and he voluntarily agreed to waive them when he signed the warning and waiver form. The arresting officer testified that the petitioner did not appear to be under the influence of alcohol or drugs. Under these facts, it was not an unreasonable application of clearly established Supreme Court precedent for the appellate court to find that Johnson's confession was voluntary and to admit the videotaped confession. Accordingly, Ground 1 of Johnson's habeas petition is denied.

<u>Ground 2: Admission of Videotaped Statement of Terry Edwards</u>

In his second ground for relief, Johnson asserts that the trial court violated his rights to due process and a fair trial pursuant to the Fifth, Sixth and Fourteenth Amendments when the videotaped statement of Terry Edwards was admitted over petitioner's counsel's objection. Johnson alleges that the State failed to adduce testimony from Terry Edwards that was inconsistent with his prior videotaped statements and therefore the videotape lacked an adequate foundation for

admissibility.  The trial court ruled there was sufficient foundation for admission of the videotape.

The question of admissibility of such evidence and a determination of adequate foundation is controlled by Missouri Revised Statute § 491.074 (1994). The Missouri Court of Appeals addressed this claim on direct appeal pursuant to § 491.074 and affirmed the trial court findings as follows:

> Defendant argues that the foundational requirements for admitting a prior inconsistent statement under Section 491.074 were not met, in that the prosecutor only asked Edwards whether he recalled making the statements and Edwards' answers that he didn't recall were not inconsistent with his videotaped statement.
>
> While we agree that it would have been better if the witness had been asked directly whether he made each statement, it is not necessary that he admit he made each statement if from the testimony and other evidence the fact that such statements were made is established.  State v. Belk, 759 S.W.2d 257, 259 (Mo.App.E.D. 1988).
>
> At trial, Edwards admitted to talking to police and making a videotaped statement regarding his knowledge of the murder of Michael Martin, but testified that he did not recall being read his rights and that he was coerced into making the statement.  In order to establish that Edward's testimony was inconsistent with his prior videotaped statement, the state then questioned Edwards regarding his recollection of what was said during his videotaped statement to police. For nearly every question the state posed, Edwards stated he did not recall the question and/or his answer.  However, he did testify that he recalled being asked who shot Michael Martin and that he related the facts to the police about what happened to Martin.  He also recalled telling the detectives that defendant was the person who shot Michael Martin and that he heard defendant fire two shots at Martin.  He further

recalled being asked the question, "Okay. Goldie, I mean Terry, this statement has been made voluntarily by you, no threat or promises or physical abuse by the officers have been made against you to make the statement?" and he recalled answering, "No, Sir."

Under these circumstances, it is clear that Edwards spoke to the police and voluntarily made a videotaped statement in which he implicated defendant in the murder of Michael Martin. Further, his trial testimony, that he does not recall making certain statements, is inconsistent with portions of his videotaped statement. Therefore, we find that a sufficient foundation was established to introduce the videotaped deposition as a prior inconsistent statement. Point denied.

(Resp't Ex. E at 5-6.)

According to the Supreme Court, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241; Rose v. Hodges, 423 U.S. 19, 21 (1975) (per curiam)). Similarly, the AEDPA mandates that a federal court shall review a petition for habeas corpus relief "pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Although the admissibility of evidence at a state trial is a matter of state law and ordinarily will not form the basis for federal habeas relief, a federal court may

grant habeas relief when a state court's evidentiary ruling "infringes upon a specific federal constitutional right or is so grossly or conspicuously prejudicial that it fatally infected the trial and denied the defendant the fundamental fairness that is the essence of due process." Maynard v. Lockhart, 981 F.2d 981, 986 (8th Cir. 1992) (quoting Berrisford v. Wood, 826 F.2d 747, 749 (8th Cir. 1987)); see also, Turner v. Armontrout, 845 F.2d 165 (8th Cir. 1988). To meet this standard, petitioner "must show a reasonable probability that the error affected the trial's outcome." Troupe v. Groose, 72 F.3d 75, 76 (8th Cir. 1995). "The habeas petitioner must establish an error which demonstrates a violation of due process by a burden much greater than that required on direct appeal and even greater than the showing of plain error." Mendoza v. Leapley, 5 F.3d 341, 342 (8th Cir. 1993).

In this case, the petitioner can not make such a showing. The evidence was properly admitted under state law. The state court has committed no error of fundamental unfairness as to deny due process of law to the petitioner. The issue of the admissibility of the videotaped statement is not cognizable under 28 U.S.C. § 2254(a), since it is not a question of constitutional law, or the laws or treaties of the United States. The trial court overruled petitioner's counsel's objection to the videotaped statement of Terry Edwards. The state appellate court determined that there was sufficient foundation for the admission of the videotape evidence under

state law.  This Court will not reexamine a state law issue.  Under these circumstances, the findings of the state court are not contrary to, or an unreasonable application of, clearly established federal law.  Accordingly, petitioner's second ground for habeas relief is denied.

Ground 3: Evidence of Other Uncharged Crimes

Johnson's third ground for habeas relief alleges that he was denied due process of law and a fair trial in violation of his Fifth, Sixth and Fourteenth Amendment rights when the trial court allowed the State to introduce evidence of other uncharged crimes committed by the petitioner.  Specifically, petitioner complains of evidence that he was a heroin addict and an illicit drug user.  This evidence came before the jury from the following exchange contained in the videotaped statement of Terry Edwards:

> [DETECTIVE DOUGLAS]: Did he have the shotgun then or --
>
> [TERRY EDWARDS]: Yeah, and he was so high off that stuff, you know what I'm sayin', I was too scared to say anything to him about it for real.
>
> [DETECTIVE DOUGLAS]: What stuff was he high off of?
>
> [TERRY EDWARDS]: Heroin.  You know you cain't -- you cain't really predict what a heroin addict will do especially when they're angry.

(Resp't Ex. C at App. A8-A9.)  After Terry Edwards' videotaped statement was

played for the jury, the trial court stated:

> [THE COURT]: The jury is instructed to disregard the last statement by the witness. Let the record show that the Court, sua sponte, instructed the jury to disregard the question on page 8 of the videotaped transcript and the witness' answer appearing at the top of page 9.

(Tr. at 284.) However, the jury was never given a copy of the videotape transcript.

The Missouri Court of Appeals evaluated this argument by petitioner on direct appeal under plain error review, because it had not been raised at trial. Under plain error review, the Missouri Court of Appeals summarily denied petitioner's claim on the merits as follows:[2]

> We cannot say that this alleged error rises to the level of plain error because the record indicates that the trial court, sua sponte, instructed the jury to disregard the testimony which indicated that defendant was a "heroin addict." Point denied.

(Resp't Ex. E at 7.)

On appeal of denial of his Rule 29.15 motion without an evidentiary hearing, the petitioner used the admission of the other uncharged crimes evidence as the foundation of his allegation of ineffective assistance of counsel. When the appellate

---

[2] When defense counsel does not object at trial but the issue is raised on direct appeal, the issue is not procedurally barred. James v. Bowersox, 187 F.3d 866, 869 (8th Cir. 1999). See also, Hornbuckle v. Groose, 106 F.3d 253, 257 (8th Cir. 1997). But in conducting federal habeas review, the Court may not simply conduct its own plain error review *de novo*. James, 187 F.3d at 869. Federal court review is limited to federal constitutional errors and the AEDPA mandates a deferential review of state court decisions. "The summary nature of the Missouri Court of Appeals opinion does not affect this standard of review." Id.

court addressed the issue on appeal of the Rule 29.15 denial, it discussed the impact of the admission of this evidence and the resulting curative instruction from the court:

> In this case, the trial court, *sua sponte*, instructed the jury to disregard the offending comment. This cured any possible prejudice to Appellant. See State v. Carson, 883 S.W.2d 534, 535 (Mo. Ct. App. E.D. 1994). It is presumed that jurors followed the instructions given by the trial court. See State v. Staples, 908 S.W.2d 189, 190 (Mo. Ct. App. E.D. 1995). Therefore, no prejudice was suffered by failing to "object properly." See Bucklew v. State, 38 S.W.3d 395, 397 (Mo. banc 2001).

(Resp't Ex. J at 3.)

Like Ground 2 of petitioner's claims for habeas relief, this is a state law issue. As discussed earlier, it is not the place of a federal court in habeas review to reexamine state court decisions on state law evidentiary issues, except as to violations of the Constitution, laws or treaties of the United States. Estelle, 502 U.S. at 67-68. Federal habeas relief is only granted regarding state evidentiary rulings when the petitioner can show a "reasonable probability" that the erroneous ruling affected the outcome of the trial. Troupe, 72 F.3d at 76.

Given that the Missouri Court of Appeals stated that the court's instruction cured any possible prejudice to the petitioner, there is no indication that the admission of the evidence of other uncharged crimes by the petitioner changed the

trial outcome. According to the United States Supreme Court, federal habeas relief would only be appropriate if the Court finds that the improper evidence "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974).

It is not contrary to, or an unreasonable application of, clearly established federal law to review this claim under plain error. "It is well settled that issues not raised in the trial court cannot be considered by [the appellate court] as a basis for reversal." U.S. v. State of S.D., 665 F.2d 837, 841 (8th Cir. 1981) (citing Hormel v. Helvering, 312 U.S. 552, 556 (1941); Morrow v. Greyhound Lines, Inc., 541 F.2d 713 (8th Cir. 1976)). "The rule is adhered to save in exceptional cases where the obvious result 'would be plain miscarriage of justice' or 'inconsistent with substantial justice.' " Id. at 842 (quoting Hormel, 312 U.S. at 558; Fed.R.Civ.P. 61). Similarly, the Missouri Court of Appeals described plain error review according to Rule 29.12(b) as "relief [that is] appropriate only when the alleged error so substantially affects the rights of the defendant that a manifest injustice or miscarriage of justice results." (Resp't Ex. E at 7.)

It is also not contrary to, or an unreasonable application of, clearly established federal law to find that the court's instruction cured any possible prejudice to the petitioner. A common curative step to the mistaken admittance of

evidence at trial is instructing the jury to disregard the evidence. The Eighth Circuit

has stated that in situations such as this one they "assume the jury follow[s] the

court's curative instructions and disregard[s] the evidence." <u>United States v.</u>

<u>Karam</u>, 37 F.3d 1280, 1288 (8th Cir. 1994) (citing <u>Parker v. Randolph</u>, 442 U.S. 62,

73 (1979)). "Any prejudice that arose when the jury heard this [inadmissible]

testimony was cured by the court's subsequent instruction." <u>Id.</u> Finding the court's

curative instruction an adequate remedy to the admission of the other uncharged

crimes evidence is not a miscarriage of justice or inconsistent with substantial

justice. Having reviewed the record in this case, I cannot conclude that the

appellate court's decision was based on an unreasonable determination of the facts

in light of the evidence or contrary to, or an unreasonable application of, clearly

established federal law.

<u>Ground 4: Rule 29.15 Evidentiary Hearing / Ineffective Assistance of Counsel</u>

In his final ground for relief, Johnson challenges the denial of his Rule 29.15

motion for post-conviction relief without an evidentiary hearing. Johnson asserts

that he was entitled to such a hearing because of his trial counsel's ineffective

assistance, and that the denial of the hearing violated his Fifth, Sixth and Fourteenth

Amendment rights. Specifically, his allegation of ineffective assistance of counsel

includes: counsel's failure to properly object to the evidence of other uncharged

crimes by the petitioner that was contained in Terry Edwards' videotaped statement, counsel's failure to move for a mistrial once that evidence had come before the jury, and counsel's failure to include the issue of the other uncharged crimes evidence in his motion for new trial. This claim is not cognizable in a federal habeas proceeding. See Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990) ("Because there is no federal constitutional requirement that states provide a means of post-conviction review of state convictions, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition.")

To the extent Johnson is attempting to assert the underlying ineffective assistance of trial counsel claims, the Missouri Court of Appeals rejected these claims on appeal as follows:

> Antwann Johnson ("Appellant") appeals from denial of his Rule 29.15 motion without an evidentiary hearing. He contends that trial counsel was ineffective in that he failed to object properly, failed to request a mistrial and failed to preserve a claim for appeal. We affirm.

> "Appellate review of the trial court's action on the motion filed under this Rule 29.15 shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(k); State v. Rousan, 48 S.W.3d 576, 581 (Mo. banc 2001). "The findings and conclusions are clearly erroneous only if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made." Leisure v. State, 828 S.W.2d 872, 874 (Mo. banc 1992).

To succeed on his ineffective assistance claim, Appellant must prove that his "counsel's performance 'fell below an objective standard of reasonableness' and that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Rousan</u>, 48 S.W.3d at 581 (quoting <u>Strickland v. Washington</u>, 466 U.S. 668, 688, 694 (1984)). "Reasonable trial strategy is not a ground for ineffective assistance of counsel." <u>State v. Shurn</u>, 866 S.W.2d 477, 468 (Mo. banc 1993), <u>cert. denied</u>, 513 U.S. 837 (1994).

The parties are familiar with the facts, and they will not be repeated here. The record demonstrates that trial counsel employed a reasonable trial strategy. Appellant's trial counsel objected to the admission of the videotaped statement. While a different objection may have been sustained, there is no showing that the outcome of the trial would have been affected. Decisions concerning whether and when to object are within the discretion of counsel, as are the grounds upon which those objections are based. <u>See Lewis v. State</u>, 767 S.W.2d 49, 53 (Mo. Ct. App. W.D. 1989).

In this case, the trial court, *sua sponte*, instructed the jury to disregard the offending comment. This cured any possible prejudice to Appellant. <u>See State v. Carson</u>, 883 S.W.2d 534, 535 (Mo. Ct. App. E.D. 1994). It is presumed that jurors followed the instructions given by the trial court. <u>See State v. Staples</u>, 908 S.W.2d 189, 190 (Mo. Ct. App. E.D. 1995). Therefore, no prejudice was suffered by failing to "object properly." <u>See Bucklew v. State</u>, 38 S.W.3d 395, 397 (Mo. banc 2001).

Nor was Appellant "deprived of the right to a fair trial" by his counsel's failure to request a mistrial. Such prejudice can only be shown if a mistrial would have been granted by the court had it been requested. <u>See State v. Clemons</u>, 946 S.W.2d 206, 231 (Mo. banc 1997). Appellant has not shown that the trial court would have granted a mistrial had it been requested. "The declaration of a mistrial is a drastic remedy, and ordinarily a trial court cures errors in matters presented to the jury by instructing the jury to disregard the offending

matter." See Carson, 883 S.W.2d at 535-36. Here, the trial court's instruction eliminated the need for a mistrial because it removed the offending statement from the consideration of the jury, thereby eliminating the prejudicial effect. Id.

Lastly, Appellant's claim that his counsel failed to adequately preserve an issue for appellate review is not cognizable under Rule 29.15. See Fears v. State, 991 S.W.2d 190, 190 (Mo. Ct. App. E.D. 1999).

In sum, we are not left with a firm and definite impression that the motion court erred. Appellant's trial counsel was not ineffective for failing to object, for failing to request a mistrial or failure to preserve a claim for appeal.

(Resp't Ex. J at 2-3.)

To state a claim for ineffective assistance of counsel, petitioner must establish that his counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 700 (1984). To decide whether counsel's performance was constitutionally deficient, the inquiry must be whether, in light of all the circumstances, the identified acts or omissions fell outside the range of professionally competent assistance. Id. at 690. In determining whether counsel's conduct was objectively reasonable, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. To establish the requisite degree of prejudice, petitioner must demonstrate that the decision reached would likely have been

different absent counsel's error.  Id. at 694; Griffin v. Delo, 33 F.3d 895, 900 (8th

Cir. 1994).  Additionally, only claims of ineffectiveness alleging that counsel's error

deprived the petitioner of a fair trial are cognizable.  Strickland, 466 U.S. at 685-87.

The appellate court's decision that trial counsel did not render ineffective

assistance of counsel was not "based on an unreasonable determination of the facts

in light of the evidence."  28 U.S.C. § 2254(d)(2).[3]  The Missouri Court of Appeals

concluded that the court's *sua sponte* instruction cured any possible prejudice

against the petitioner and that the trial court would not have granted a mistrial if it

had been requested.  In this case, petitioner has not argued that counsel's failure to

include the evidentiary issue in his motion for new trial affected the fairness of his

trial.  Lack of preservation of an issue for appeal is not a recognized argument in an

ineffective assistance of counsel claim.  After my review of the record, I cannot

conclude that this decision amounted to an unreasonable application of the

Strickland standard to these facts.  I must therefore defer to the state court's

decision and deny habeas relief on Ground 4 of the petition.

## Certificate of Appealability

Since the petitioner cannot make a substantial showing of a denial of a

_____

[3] The Missouri Court of Appeals reached the merits of the underlying ineffective
assistance of counsel claims to determine whether Johnson should have been granted an
evidentiary hearing in his post-conviction proceedings.

constitutional right, the Court will not issue a certificate of appealability.  See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (substantial showing requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."), cert. denied, 525 U.S. 834 (1998).

Accordingly,

**IT IS HEREBY ORDERED** that petition of Antwann Johnson for writ of habeas corpus [#4] pursuant to 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that the petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not grant a certificate of appealability.

**IT IS FURTHER ORDERED** that the referral of this matter to Magistrate Judge Terry I. Adelman is **VACATED**.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 21st day of September, 2005.